(38 Misc. Rep. 769.)

### PREYER v. SCHWENCK.

(Supreme Court, Appellate Term. June, 1902.)

1. MASTER AND SERVANT—EMPLOYMENT AS ADJUSTER—BURDEN OF PROOF—EVIDENCE—SUFFICIENCY.

Where, in an action upon an assigned claim for services rendered in adjusting a fire loss, the evidence showed plaintiff's assignor to have been in the employment of the insurance company, and the only testimony tending to prove his employment by defendant was that of the assignor himself, which was flatly contradicted by defendant, the plaintiff failed to sustain his burden of proof.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Arthur E. Preyer against Henry Schwenck. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

William C. Wolf, for appellant.

Feldblum, Reitsenstein & Levison, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff upon an assigned account for services claimed to have been rendered by

plaintiff's assignor to defendant in adjusting a loss by fire of some of the defendant's property. The trial justice gave judgment in favor of the defendant. In a short memorandum made by him he gave as a reason for such decision that the plaintiff "ought not to have attempted to serve two masters." This opinion, if such it can be called, was evidently based upon the proof adduced upon the trial that the plaintiff's assignor was, at the time he was performing the work for which he seeks to charge the defendant, an agent of the insurance companies who had issued the policies to the defendant, and was working in their interests as well. This fact was not pleaded, nor in any way urged as a defense to the plaintiff's recovery herein, and there was ample testimony in the case to show that the defendant was aware of the relations existing between the insurance companies and the plaintiff's assignor. It is, however, the province of this court to decide appeals upon the facts disclosed by the record, and according to the justice of the case (Code Civ. Proc. § 3063), without regard to the soundness or unsoundness of the opinion of the court below. The only testimony given upon the crucial point in the case was that of the plaintiff's assignor and that of the defendant; the plaintiff's assignor testifying that the defendant employed him to assist in adjusting his loss, and the defendant positively denying such employment. Under these circumstances the plaintiff failed to sustain the burden of proof cast upon him, and the judgment should be sustained.

Judgment affirmed, with costs. All concur.